[No. 5875.   Decided March 15, 1906.]

STEVEN BRECKENRIDGE, a *Minor etc., Respondent,* v.
AMERICAN EAGLE CONSOLIDATED MINING
COMPANY, LIMITED, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—PREMATURE BLAST—PROPER
TORCH—EVIDENCE OF NEGLIGENCE—SUFFICIENCY.  In an action to re-
cover for personal injuries sustained by an employee in setting off a
blast, the evidence is insufficient to show negligence of the master in
furnishing an unsafe torch for igniting the fuse, in that it could not
be told when the fuse was ignited, where the plaintiff testified that
he had used such torch for several weeks with absolute safety, and
had always known when the fuse was ignited, and an expert witness
for the plaintiff admitted on cross-examination that such fact could
be known by paying attention.

SAME—CONTRIBUTORY NEGLIGENCE.—EVIDENCE—SUFFICIENCY.  In an
action for injuries sustained by an employee through a premature
blast, the plaintiff is shown to have been guilty of contributory negli-
gence, where it appears that he set off the blast without having
filled the hole, as should have been done, leaving it open with the
powder exposed to the sparks from the fuse, and that he tamped the
powder with an iron spoon, contrary to instructions, and where it
appears that the blast exploded almost immediately after lighting
the fuse, and that the fuse spits fire or sparks which might have
fallen on the powder.

Appeal from a judgment of the superior court for Spokane
county, Belt, J., entered January 3, 1905, upon the verdict
of a jury rendered in favor of the plaintiff, an employee in-
jured by a premature explosion of a blast.   Reversed.

*R. J. Danson,* for appellant.

*Hoyt & Dirks,* for respondent.

CROW, J. — This action was commenced by respondent
Steven Breckenridge, a minor, by W. H. Coburn, his guard-
ian *ad litem,* against appellant, American Eagle Consoli-
dated Mining Company, Ltd., a corporation, to recover dam-
ages for personal injuries.

[1]Reported in 84 Pac. 858.

In the year 1903 appellant was engaged in the development and operation of a certain mine, near Elk, in the state of Idaho, and employed respondent to perform certain labor in and about said mine. While so employed, respondent was engaged in blasting rock, using giant powder, dynamite, fuses, and other dangerous agencies, when on or about July 31, 1903, a blast was prematurely discharged, causing him to sustain serious injuries.

Respondent, a mature young man, weighing about 175 pounds, of ordinary intelligence, nearly nineteen years of age, had been earning wages in various employments for a number of years, and was earning three dollars per day at the time of the accident. He contends that blasting was no part of his duty, he having been employed to do common labor. While this is true, he had, several weeks prior to his injury, worked for appellant at drilling holes, and preparing and discharging blasts in a tunnel. Afterwards he worked for about three weeks at blowing out large stumps and rock in a roadway, and was blasting rock in an open cut at the time of his injury. In doing this work, he drilled holes under said stumps or in the rock, placed from one to three sticks of powder therein, which he tamped, placed a cap upon the powder, attached a triple tape fuse from 16 to 24 inches in length, and tamped dirt around said fuse, which he then ignited with a torch. He had been instructed by appellant to make this torch by taking paper wrappers from the powder, attaching them to a stick about two feet in length, and as the paper was saturated with glycerine, ignite it, thus providing a torch with which he could light the fuse. This being done, it was his duty to withdraw to a place of safety before the burning fuse caused an explosion.

Respondent alleged that appellant was guilty of negligence in two particulars: (1) in providing fuse of an unsafe and inferior quality, that was liable to burn too rapidly and cause a premature explosion; (2) in failing to properly instruct respondent, who was inexperienced and not familiar

with his work; also, directing him to use a torch made from the paper wrappers, which he alleged made such a blaze and noise when burning, as to render it impossible for him to know when a fuse was lighted. The first allegation of negligence as to the character of the fuse was withdrawn from the case, by order of the court, and abandoned by respondent, the evidence clearly showing it to have been of the best quality. Upon the trial the court denied appellant's motion for a nonsuit, and also denied its motion for a directed verdict, said motions being based upon the contentions, (1) that no negligence was shown upon the part of appellant; (2) that respondent was guilty of contributory negligence. The jury returned a verdict in favor of respondent for $20,000; this was, by the trial court, with respondent's consent, reduced to $5,000, for which latter sum a judgment was entered, and this appeal has been taken.

Of the several assignments of error, it will be only necessary to consider those based upon the refusal of the trial court to grant appellant's motions for a nonsuit and a directed verdict.

From respondent's testimony it appears that, when he first became an employee of appellant, he was sent to a tunnel to help with certain drilling and blasting and as he expressed it, keep another employee from injuring or killing himself. He went to the tunnel, drilled all night, prepared numerous blasts and discharged them at midnight, and again in the early morning, doing his work in perfect safety and to the complete satisfaction of his employer. Afterwards he was engaged in certain road work, where it became necessary to blast out large stumps and stones, which he did under the instructions and directions of appellant's manager. He was thus employed for about three weeks doing his work successfully and without injury, all the time using a torch made from paper wrappings taken from the sticks of powder.

He testified that he had previously drilled for blasting upon

a railroad; that he knew powder to be dangerous; that if fire came in contact with it, it would burn and explode; that in blasting the stumps he had used the paper torch and always knew when a fuse ignited. He further testified that, at the time of the accident, he had drilled two holes, one in a horizontal position about one foot deep, and one in a vertical position considerably deeper; that he removed the wrappers, placing one stick of powder in the smaller hole and two or three sticks in the larger one; that he tamped the powder with an iron spoon, which was contrary to his intsructions, he having been ordered to use a stick; that he placed a cap on each charge of powder, attached a fuse about eighteen inches in length, then tamped dirt into the horizontal hole, filling it to the surafce, but did not tamp any dirt into the vertical hole, leaving it open with the powder exposed. He then prepared and lit his torch, which he applied to the fuse in the open hole. Seeing that this fuse was burning he took one step aside for the purpose of igniting the other fuse, when the first charge exploded, causing him serious injury. The blast not lighted was found to be in proper condition, and was discharged sometime after the accident. The charge which exploded was the one not tamped with dirt, which the testimony shows should have been done.

We have carefully examined the evidence, and are unable to find that it supports respondent's contention to the effect that the torch was an improper, unsafe, or dangerous contrivance. On the contrary, it was shown to have been in common use with experienced and careful miners. It is true that respondent attempted to claim the contrary in his evidence, still he admits that he had used it with absolute safety for several weeks prior to the accident, and always knew when a fuse was ignited by it. One Malloy, a witness for respondent, first stated that he thought the torch would keep respondent from knowing whether the fuse was lighted, but admitted he never tried it. After experimenting with a fuse in the court room, he testified as follows:

"Q.  Do I understand you to say that a person can take a fuse like that and cannot tell whether the fuse was set off or not? Will you cut another piece of fuse, please? (Witness illustrates with burning fuse again.)  Q. Any man would know whether that fuse was burning or not, wouldn't he? A. Why, yes, I guess he would. . . .  Q. So that a person could hardly miss knowing that the fuse was on fire? A. No, not if he watched his fuse.  Q. Well, if he paid any attention he couldn't help but know it.  A. Yes, sir, you have to pay attention, it is a thing worth watching, you cannot light it by random."

There can be no question but that respondent utterly failed to show any negligence upon appellant's part in instructing him to use the wrappers, which his own evidence showed were not dangerous, as he would have no difficulty in knowing when the fuse was lighted.

It is unnecessary to enter into a detailed discussion of the evidence.  There is an utter absense of proof showing any negligence upon the part of appellant, while respondent's own testimony shows the accident to have been the result of his negligence in not tamping dirt into the hole in which he had placed the larger blast, the one which exploded.  He admits he used an iron spoon in tamping the powder, and that he might have smeared it along the sides of the hole which he had drilled.  It is undisputed that when a fuse ignites it immediately spits fire or sparks, and that if one of these sparks should come in contact with the powder an immediate explosion might result.  The theory of appellant, which we think the evidence sustains, is that a spark from the fuse fell into the open hole, struck the powder, and caused a premature explosion before the fuse could have otherwise burned its entire length.  In order that respondent may recover, it is not sufficient to merely show the premature explosion and his injuries, but a further showing must be made of some negligence on the part of appellant as the proximate cause of the accident, without contributory negligence on the part of respondent.  No negligence of appellant being shown, and

contributory negligence appearing indisputably on the part of respondent, no recovery can be had herein.

The judgment is reversed, and the action dismissed.

MOUNT, C. J., ROOT, HADLEY, FULLERTON, and DUNBAR, JJ., concur.